UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

Circuit Mediation Office
Phone (415) 355-7900 Fax (415) 355-8566
http://www.ca9.uscourts.gov/mediation

# MEDIATION QUESTIONNAIRE

The purpose of this questionnaire is to help the court's mediators provide the best possible mediation service in this case; it serves no other function. Responses to this questionnaire are *not* confidential. Appellants/Petitioners must electronically file this document within 7 days of the docketing of the case. 9th Cir. R. 3-4 and 15-2. Appellees/Respondents may file the questionnaire, but are not required to do so.

| | |
|---|---|
| 9th Circuit Case Number(s): | 13-55553 |
| District Court/Agency Case Number(s): | 2:12-cv-08676-PA-PLA |
| District Court/Agency Location: | Central District of California, Western Division |
| Case Name: | name.space, Inc.   v.   Internet Corporation for Assigned Names and Numbers |
| If District Court, docket entry number(s) of order(s) appealed from: | Docket Number 49, entered at Docket Number 53 |
| Name of party/parties submitting this form: | name.space, Inc. |

Please briefly describe the dispute that gave rise to this lawsuit.

As alleged in name.space Inc.'s complaint, Defendant Internet Corporation for Assigned Names and Numbers ("ICANN") has engaged in a conspiracy to prevent companies such as name.space from competing in the market for top-level domains ("TLDs")—the foundation of the Internet architecture—in the ICANN-controlled Internet, in violation of federal antitrust laws and to the benefit of ICANN itself and its co-conspirators. ICANN has also sought to maintain its monopoly power in the market for domain names by dictating the supply of TLDs, and has created and maintained a thriving defensive registration market, forcing content creators to "defensively" register their brands with multiple TLDs and permitting ICANN and some TLD registries to extract monopoly rents. Further, ICANN has trampled name.space's rights in the TLDs that name.space has originated, operated and promoted in commerce continuously since 1996 in violation of unfair competition and trademark laws. ICANN has also tortiously interfered with name.space's existing and prospective contracts with customers.

Briefly describe the result below and the main issues on appeal.

United States District Judge Percy Anderson dismissed name.space's Complaint in its entirety under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).

Judge Anderson dismissed name.space's monopolization claim under Section 2 of the Sherman Act with prejudice, stating that "whatever monopoly power ICANN possesses was given to it by the Untied States Department of Commerce and [was] not the result of the 'willful acquisition' of monopoly power."  The main issue on appeal is whether the District Court erred in failing to consider name.space's argument that ICANN violated Section 2 of the Sherman Act by unlawfully maintaining its monopoly position.

Judge Anderson dismissed name.space's claims under Section 1 of the Sherman Act without prejudice for failure to

state a claim. The main issue on appeal is whether the District Court erred in finding insufficient at the pleading stage name.space's allegations that specific current and former members of ICANN's board of directors conspired with each other and other named industry players whose interests those board members represent to impose significant barriers of entry to the relevant markets.

Judge Anderson dismissed name.space's trademark claims without prejudice for lack of standing, and the main issue on appeal is whether the District Court failed to consider name.space's allegations that an Article III injury arose when ICANN offered name.space's marks for sale and accepted hundreds of thousands of dollars in application fees from third parties seeking to use name.space's marks.

Finally, Judge Anderson dismissed name.space's tortious interference without prejudice for failure to state a claim. On appeal, the main issue is whether the allegations in name.space's Complaint were sufficient to state a claim upon which relief may be granted.

Essentially, name.space is appealing all adverse determinations in the opinion below.

**Describe any proceedings remaining below or any related proceedings in other tribunals.**

There are no proceedings remaining below.

**Provide any other thoughts you would like to bring to the attention of the mediator.**

Any party may provide additional information *in confidence* directly to the Circuit Mediation Office at ca09_mediation@ca9.uscourts.gov. Please provide the case name and Ninth Circuit case number in your message. Additional information might include interest in including this case in the mediation program, the case's settlement history, issues beyond the litigation that the parties might address in a settlement context, or future events that might affect the parties' willingness or ability to mediate the case.

## CERTIFICATION OF COUNSEL

I certify that:

☒ a current service list with telephone and fax numbers and email addresses is attached (see 9th Circuit Rule 3-2).

☒ I understand that failure to provide the Court with a completed form and service list may result in sanctions, including dismissal of the appeal.

Signature: /s/ Craig B. Whitney

("s/" plus attorney name may be used in lieu of a manual signature on electronically-filed documents.)

Counsel for: name.space, Inc.

**Note:** Use of the Appellate ECF system is mandatory for all attorneys filing in this Court, unless they are granted an exemption from using the system. **To file this form electronically** in Appellate ECF, complete the form, and then print the filled-in form to PDF (File > Print > PDF Printer/Creator).  Then log into Appellate ECF and choose Forms/Notices/Disclosure > File a Mediation Questionnaire.